UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-cv-60346

MAYKEL GONZALEZ,

    Plaintiff,

v.

MIDLAND FUNDING, LLC,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA"),

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent letters into this District and sued in this District.

## PARTIES

3. Plaintiff, MAYKEL GONZALEZ, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Defendant, MIDLAND FUNDING, LLC, is a corporation organized under the laws of the State of Delaware. It is a citizen of the State of California with its principal place of business at 3111 Camino del Rio North, Suite 1300, San Diego, CA 92108.

5. Defendant is registered with the Florida Department of State Division of Corporations as a corporation. Its registered agent for service of process is Corporation Service Company, 1201 Hays St., Tallahassee, Florida 33435.

6. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt for a credit card.

10. On or about November 12, 2015, Midland filed a state court action against Gonzalez for an alleged Citibank/Sears Mastercard credit card debt in the amount of $5532.85 plus $408.00 in court costs.

11. On May 11, 2016, Gonzalez's legal counsel, Neema R. Desai, appeared in the state court action when she filed a Motion to Vacate. Attorney

Desai continued to represent Gonzalez in the state court action until the matter was dismissed.

12. Midland and Gonzalez settled in full the state court action via stipulation on August 23, 2016. The Stipulation for Settlement is attached as Exhibit "A."

13. The settlement agreement required Gonzalez to pay to Midland $200.00 per month for five (5) months for a total of $1000.00.

14. The last payment was due by January 20, 2017, and Gonzalez made all payments on or before they were due.

15. On or about January 16, 2017, Defendant sent a letter in Spanish addressed to Plaintiff seeking to collect a balance of $5141.32. A copy of the letter from Midland and a translation of that letter are attached as Composite Exhibit "B."

16. Plaintiff's attorney had not consented to Defendant's direct communication with Plaintiff.

17. Plaintiff's attorney had not failed to respond to any communication of Defendant within a reasonable amount of time.

18. No court had authorized Defendant's direct communication with Plaintiff.

19. At the time Defendant sent its letter to Plaintiff, Defendant knew the FDCPA and the FCCPA prohibited it from communicating directly with Plaintiff.

20. If Defendant continues to communicate directly with Plaintiff, Plaintiff will be harmed in the future by the inability to avail himself of the representation of his counsel.

## COUNT I
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

21. Plaintiff incorporates Paragraphs 1 through 20.

22. Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## CONTINUING TO COLLECT A DEBT PREVIOUSLY PAID

23. Plaintiff incorporates Paragraphs 1 through 20.

24. Defendant continued to collect a debt after it had been paid pursuant to a court-approved settlement agreement in violation of 15 U.S.C. §1692e(2).

4

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF Fla. Stat. §559.72(18)

25.    Plaintiff incorporates Paragraphs 1 through 20.

26.    Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72(18).

27.    The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    declaring that Defendant's direct communication with Plaintiff violates the FCCPA;

    d.    permanently injoining Defendant from direct communication with Plaintiff; and

    e.    Such other or further relief as the Court deems proper.

## COUNT IV
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF Fla. Stat. §559.72(9)

28.    Plaintiff incorporates Paragraphs 1 through 20.

29.    Defendant attempted to enforce a debt when it knew that the amount was not valid in violation of Fla. Stat. §559.72 (9).

30.    The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    declaring that Defendant's communication with Plaintiff violates the FCCPA;

    d.    permanently enjoining Defendant from direct communication with Plaintiff; and

    e.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

                                              Debt Rescue Clinic  
                                              Attorney for Plaintiff  
                                              9990 S.W. 77 Ave., PH14  
                                              Miami, FL 33156  
                                              Tel:   305-776-1805  
                                              service@debtrescueclinic.com  
                                              service@jdllawpa.com

                                                /s/ Joel D. Lucoff  
                                              Joel D. Lucoff  
                                              Fla. Bar No. 192163